IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REECE COLEMAN WHITING,                    *

Petitioner,                               *

v.                                        *          Civil Action No. RWT-12-1306
                                                     Criminal No. RWT-04-00235
UNITED STATES OF AMERICA,                 *

Respondent.                               *

                                          *

## MEMORANDUM OPINION

Pending is Petitioner Reece Whiting's Motion to Vacate, Set Aside, or Correct Sentence

Under 28 U.S.C. § 2255.  Upon review of the papers filed, and for the reasons stated below, the

Court will deny Whiting's Motion.

## BACKGROUND

The conviction underlying Whiting's motion arose from a wide-ranging, multistate drug

conspiracy led by Paulette Martin.  A grand jury indicted Whiting in connection with that

conspiracy on April 12, 2006, charging him with Conspiracy to Distribute and Possess with

Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846, and use of a

Communications Device to Facilitate Narcotics Trafficking in violation of 21 U.S.C. § 843(b).

ECF No. 794.  According to the Government, Whiting purchased drugs from Martin and her

associates, and paid off his drug debts by aiding the conspiracy.  Specifically, Whiting drove a

co-conspirator, Emilio Echarte, to pick up drug deliveries.  ECF No. 1575 at 2.  At trial, Echarte

testified to this arrangement with Whiting, and testified that he also saw Whiting pick up drugs

from Martin's home.  *Id.* at 2-3.  In addition, the Government introduced audio recordings of

Whiting requesting "tickets" from Martin and other co-conspirators.  *Id.* at 2.  The Government

alleged that "tickets" was code for cocaine.  *Id.*

      After a lengthy jury trial, Whiting was convicted on all counts.  ECF No. 1062.  Pursuant

to 21 U.S.C. § 841(b)(1)(A), Whiting was sentenced to a mandatory term of life in prison.  *Id.*

Whiting appealed his conviction and sentence on January 10, 2007.  ECF No. 1066.  The Fourth

Circuit addressed the arguments of various defendants in an unpublished opinion.  *United*

*States v. Goodwin*, 452 Fed. App'x 239, 241 (4th Cir. 2011).  As to Whiting, the Fourth Circuit

addressed his argument that the Court improperly allowed two government witnesses to testify

both as fact and expert witnesses, and his argument that the Government's notice of enhanced

sentence pursuant to 21 U.S.C. § 851 was deficient.  *Id.* at 242-44, 248-49.  The court affirmed

Whiting's conviction.  Various other arguments were raised in the appeal, including several

relevant here, which the Fourth Circuit considered but did not specifically address, concluding

"they lack merit."  *Id.* at 241.

      The Fourth Circuit denied Whiting's Petition for Rehearing with Suggestion for En Banc

Review.  ECF No. 1479.  On March 5, 2012, Whiting's Petition for Writ of Certiorari was denied

by the Supreme Court.  ECF No. 1575 at 2.

      Whiting timely filed the instant motion on May 1, 2012.  ECF No. 1506.  He asserts five

grounds for relief:

1. The Government knowingly used the false testimony of Echarte.  ECF No. 1506  at 5.

2. The Government misused Whiting's 1984 drug conviction from Mexico to support an

    enhanced sentenced.  *Id.* at 6.

3. The Government misused "prior conviction evidence in violation of Fifth Amendment Double Jeopardy Clause." *Id.* at 8.

4. The statute of limitations barred Whiting's conviction. *Id.* at 9.

5. Whiting suffered ineffective assistance of counsel, because as a drug addict suffering symptoms of withdrawal, he was unable to assist in his own defense, but his attorney did not make any attempt to determine his awareness of the proceedings. *Id.* at 11-12.

By Order of this Court, ECF No. 1521, the Government filed an opposition addressing Whiting's arguments.  ECF No. 1575.  As to the first two grounds Whiting's asserts, the Government argues that he is procedurally barred from raising these issues on collateral review, because they were *not* raised on direct appeal, and alternatively arguing that he is procedurally barred from raising these issues on collateral review because they *were* raised and considered on direct appeal.  *Id.* at 4-8.  The Government also challenges the substance of each of these arguments.  *Id.*  As to Whiting's double jeopardy and statute of limitations claims, the Government argues that these are barred because Whiting failed to raise them on direct appeal, but also addresses the substance of each claim.  *Id.* at 9-12.  As to Whiting's ineffective assistance of counsel claim, the Government argues that Whiting has failed to make a showing of ineffective assistance of counsel.  *Id.* at 12-17.

Whiting filed a reply on February 11, 2013.  ECF No. 1604.  He argues that he raised grounds 1 and 2 on direct appeal, and that he only failed to raise grounds 3 and 4 because

counsel refused to do so.  *Id.*   Whiting filed a supplemental brief on September 9, 2013,

ECF No. 1644, and another supplemental brief on July 1, 2014.  ECF No. 1691.[1]

**ANALYSIS**

**I.      Whiting Cannot Relitigate Grounds One and Two in a Collateral Attack**

The first two grounds for relief Whiting asserts may be disposed of quickly.  As Whiting

himself acknowledges, these grounds were raised in his direct appeal challenging his conviction.

ECF No. 1604 at 1-2; *see also* Consolidated Opening Br. for Appellants in *United*

*States v. Goodwin*,  Fourth Circuit Court of Appeals Case No. 07-4063 at 118-22 (arguing that

Government knowingly used false testimony of Echarte), 152-57 (arguing that Government

misused drug convictions).   While these claims were not directly addressed in the Fourth

Circuit's opinion affirming Whiting's conviction, the court explicitly stated that it "considered"

all the grounds raised in Whiting's appeal, but did not address the arguments that "lack merit."

*Goodwin*, 452 Fed. App'x at 241.  An argument that was properly ruled on in a direct appeal

cannot be raised in a § 2255 motion.  *See, e.g., United States v. Dyess*, 730 F.3d 354, 360

(4th Cir. 2013).   The Court will not consider arguments here that were considered and

determined to be without merit on direct appeal.

---

[1] The first supplement challenged the use of convictions more than fifteen years old to enhance his sentence. ECF No. 1644.  The second supplement challenged the Court's allowance of Government witnesses to testify as both fact and expert witnesses.  Because Whiting's conviction became final, at the latest, when his petition for certiorari was denied on March 5, 2012, the entirely new grounds raised in his supplemental motions are untimely. *See* 28 U.S.C. § 2255(f)(1) (requiring filing of motions to vacate judgment within one year of the date on which a conviction becomes final).  In any event, they are without merit.  Whiting produces the U.S. Sentencing Guideline, § 4A1.2(e)(3), to argue that use of convictions more than fifteen years old to enhance his sentence was improper.  Of course, that part of the Guideline is used to calculate a defendant's criminal history as part of producing an *advisory* range of sentences, whereas 21 U.S.C. § 841(b)(1)(A) provides for a *mandatory* sentence without limiting the age of convictions which may trigger the mandatory life sentence.  The provisions of the Guidelines are not controlling where a statute mandates a sentence.  As to the Government witnesses who testified as both fact and expert witnesses, as the Fourth Circuit stated in affirming Whiting's sentence, the Court took the appropriate safeguards in permitting this testimony.  *Goodwin*, 452 Fed App'x. at 243-44.

4

## II.      Introducing Prior Convictions Did Not Violate Double Jeopardy

Assuming, without deciding, that Whiting's double jeopardy claim is not procedurally defaulted, the introduction of his past convictions did not violate the Fifth Amendment.  Federal Rule of Evidence 404(b)(2) explicitly allows for the introduction of evidence of past acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*  After allowing this evidence, the Court gave explicit instructions to the jury concerning the limitations on their consideration of prior convictions.  ECF No. 1201 at 102-103.  Given this limiting instruction, Whiting has failed to show that he has been subject to double jeopardy.  *See Dowling v. United States*, 493 U.S. 342, 348-49 (1990) (holding that evidence of past bad acts was admissible under Rule 404(b), despite fact that defendant was acquitted of the act, without running afoul of the Fifth Amendment).

## III.      Whiting's Conviction Was Not Time Barred

Assuming, without deciding, that Whiting's statute of limitations argument is not procedurally defaulted, this argument is without merit.  Whiting was charged with, and convicted of, participating in a drug conspiracy that ended in 2004.  He was originally indicted on May 5, 2004 and was tried and convicted under a fifth superseding indictment returned on April 12, 2006.  ECF No. 794.  To satisfy the statute of limitations in a conspiracy case, the Government need only prove that the conspiracy continued into the limitations period.  *See United States v. Campbell*, 347 Fed. App'x 923, 927 (4th Cir. 2009) (citing *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009).  Charging Whiting for a conspiracy that continued into 2004 is well within the five year limitations period prescribed by 18 U.S.C. § 3282.

### IV.      Whiting Has Failed to Show Ineffective Assistance of Counsel

Whiting claims he suffered ineffective assistance of counsel because his attorney failed to "ask the Petitioner if he was aware of the proceedings and well; although it was well known and documented, that the Petitioner was a drug addict." ECF No. 1506 at 11. Whiting further claims he "was experiencing extreme drug withdrawal…for all of 2004," that "his only thoughts were about obtaining drugs to use, to relieve the pain he was experiencing throughout the pre-trial, trial, and sentencing process," and that he "was in a 'fog,' and unable to concentrate on his defense." *Id.* Whiting also asserts that his attorney should have questioned his sanity and competence for deciding to risk a life sentence at trial rather than accepting a plea deal. *Id.* at 11-12.

A defendant is incompetent to stand trial if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975). Whiting has not provided facts sufficient to show his incompetence. It is true that an attorney's failure to question his client's competence may constitute ineffective assistance if the attorney fails to make a reasonable investigation into his client's mental condition. *See Becton v. Barnett*, 920 F.2d 1190, 1192-93 (4th Cir. 1990). But the duty to investigate is based on a test of reasonableness, meaning counsel should investigate if there are facts known to him that would, or reasonably should, lead him to question his client's competence. In *Becton*, for example, the Fourth Circuit determined that counsel's failure to investigate his client's mental condition was

unreasonable where the client had committed a bizarre crime, had been in and out of mental institutions, and had a low IQ. *Id.*

The bare assertion, however, that a defendant was suffering from drug withdrawal does not demonstrate mental incompetence to stand trial. *See Barfield v. Woodard*, 748 F.2d 844, 851-52 (4th Cir. 1984) (defendant's assertion that she was suffering from drug withdrawal at the time of trial "simply fails to raise more than a basis for bald conjecture that" drug withdrawal rendered her "legally incompetent to stand trial"). Whiting offers only "bald conjecture" and conclusory facts to support his assertion that he was incompetent to stand trial due to drug addiction and withdrawal. The only specific fact Whiting offers to show his mental incompetence is that he decided to risk a life sentence at trial rather than accept a plea agreement, which allegedly should have caused his attorney to question his sanity. ECF No. 1506 at 11-12. Of course, Whiting continues to assert that there was insufficient evidence against him. A defendant who feels that the case against him is weak is not "insane" just because he chooses the possible reward of acquittal a trial offers in conjunction with the possible risk of conviction. Further, Whiting was in his sixties when he was charged. At that age, a perfectly sane defendant could conclude that the difference between a life sentence and a twenty-year sentence, which is what the Government offered, ECF No. 1575-1 at 2, is negligible enough that it makes sense to go to trial to retain the possibility of acquittal.

Whiting further alleges that after his conviction, the Government offered not to seek an enhancement of his sentence in exchange for a waiver of his right to appeal, but that his attorney failed to communicate the offer before it was withdrawn. ECF No. 1506 at 12. No evidence of such an offer exists, and the Government denies making any sort of offer after Whiting's

conviction.  ECF No. 1575 at 15.  Nevertheless, even if the offer did exist, as explained above, a defendant who feels the evidence against him was insufficient for a conviction, and that several errors were made during the course of trial, is not "insane" for choosing not to barter away his right to have the conviction overturned in exchange for a sentence that may well be the functional equivalent of a life sentence.

### CERTIFICATE OF APPEALABILITY

Whiting may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Whiting has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Whiting's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Whiting's claims, and therefore no certificate of appealability shall issue.

### Conclusion

For the aforementioned reasons, Whiting's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.

Date: <u>October 6, 2014</u>                            <u>                /s/                </u>
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE